UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>LOPEZ, et al.,<br><br>    Defendants. | 1:24-cv-01295-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 12, 13).<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Christopher Harris (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on October 24, 2024. (ECF No. 1). On March 7, 2024, Plaintiff filed a motion to amend his complaint, and this Court granted him leave to amend on March 11, 2025. (ECF Nos. 10, 11). On April 7, 2025, Plaintiff filed his first amended complaint, alleging that Defendants issued a false and unfounded Rules Violation Report (RVR) falsely accusing him of receiving narcotics during a visitation. (ECF No. 12).

On August 1, 2025, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 13). The Court gave Plaintiff thirty days to file a second amended complaint or to notify the Court that he wanted to stand on his first amended complaint. (*Id.* at 8). And the Court warned Plaintiff that "[f]ailure to comply with this order

1

1 | may result in the dismissal of this action." (*Id.* at 9).

2 | The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2). Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); (*see* ECF No. 8).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after *Iqbal*).

II.     **SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff is an inmate housed at the California Substance Abuse Treatment Facility and State Prison at Corcoran (SATF). Plaintiff names as Defendants Lieutenant D. Lopez, Correctional Officer R. Amacker, and Associate Warden M. Garcia. Plaintiff's first claim is for violation of his First Amendment Rights, and Plaintiff's second claim is for violation of his Fourteenth Amendment Rights.

Plaintiff alleges that, on June 4, 2022, a false Rules Violation Report (RVR) was filed against him after his visitor, Mrs. Antonette Tatum, was accused of passing narcotics to Plaintiff in the visiting room. Plaintiff alleges he "underwent vigorous testing procedures" and claims he and his visitor were found guilty of an "unfounded" offense. He alleges that "[t]he charge of contraband found during visiting session is unfounded." He further alleges he "adamantly and succinctly stated he never possessed any drugs during his visitation session" and "an unclothed body search was conducted and yielded negative results for any contraband."

Plaintiff also claims that Defendants' actions were in retaliation for Plaintiff's "exercise of his constitutional rights."

III.    **ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

A.      **Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir.

2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. First Amendment Retaliation Claim

Plaintiff's first claim is for retaliation in violation of the First Amendment in connection with his disciplinary proceeding. (ECF No. 12, p. 4). In his first amended complaint, Plaintiff alleges that Defendants' actions in filing the false RVR against him were done in retaliation for Plaintiff's "exercise of his constitutional rights." (*Id.* at 10).

A plaintiff may state a § 1983 claim for a violation of his First Amendment rights due to retaliation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

4

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). A plaintiff must plead facts showing that his "protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (2009).

Plaintiff's claim that the RVR was filed in retaliation for Plaintiff's First Amendment rights is based on a single conclusory allegation: that defendants did "this [filing the RVR] in retaliation the plaintiff exercise of his constitutional rights." (ECF No. 12, at p. 10). This conclusory allegation is not sufficient to state a constitutional claim under the First Amendment. Plaintiff's first amended complaint does not describe the action he claims to have done that constituted the exercise of his constitutional rights, does not indicate that the Defendants who filed the RVR were aware of that action, and does not include any facts indicating that Defendants filed the RVR because of that action.

Therefore, Plaintiff's claim that the RVR violated his First Amendment rights fails to state a cognizable claim.

### C.     Fourteenth Amendment Due Process Claim

Plaintiff's second claim is for a violation of the Fourteenth Amendment in connection with his disciplinary proceedings. The Court construes this as a claim for violation of Plaintiff's rights to due process under the Fourteenth Amendment.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "'A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process.'" *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022) (citation omitted); *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("A liberty interest may arise from the Constitution itself . . . or it may arise from an expectation or interest created by state laws or policies.") (citations omitted).

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Additionally, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural protections prison officials must provide an inmate facing disciplinary charges that result in a deprivation of Plaintiff's liberty interests are: (1) a written notice of the charges at least 24 hours before the disciplinary hearing; (2) a written statement by the factfinder detailing the evidence relied upon and the reasons for the disciplinary action; (3) the right for the inmate to call witnesses and present documentary evidence, unless doing so would be unduly hazardous to institutional safety or correctional goals; and (4) assistance where the issues presented are complex or the inmate is illiterate. *See id.* at 564-70.

Additionally, "prison disciplinary '[f]indings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board.'" *Ashker v. Newsom*, 81 F.4th 863, 883 (9th Cir. 2023) (citation omitted). The "some evidence" standard is "a 'minimally stringent' standard requiring only that 'there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board.'" *Id*. at 884; *see also Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013) ("Evidence only must bear 'some indicia of reliability' to be considered 'some evidence.'").

Furthermore, Plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Notably, Plaintiff's first amended complaint does not allege that he was denied any of his procedural rights under *Wolff* in connection with the disciplinary proceeding. For example, Plaintiff does not allege that he failed to receive written notice of the charges or a written statement by the factfinder detailing the evidence relied upon and the reasons for the

disciplinary action.

Nor does Plaintiff allege that the finding was unsupported by "some evidence." On the contrary, the RVR documents attached as exhibits to Plaintiff's amended complaint list the evidence supporting the finding against him, including statements of correctional officers and incident reports. (ECF No. 12, at p. 26-27).

The Court notes that, in his first amended complaint, Plaintiff alleges that his appeal regarding the RVR finding was not processed properly. However, even if true, this would not amount to a violation of due process in connection with this disciplinary proceeding. A failure to properly process a grievance does not form a basis of a claim for violation of due process, although it may allow a plaintiff to proceed without exhausting administrative remedies. *See Andres v. Marshall,* 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). In any event, a failure to process an appeal does not equate to a lack of procedures in the disciplinary hearing itself.

Rather than challenging the disciplinary hearing procedures, Plaintiff's first amended complaint claims that the RVR finding against him is false and "unfounded." However, allegations that the RVR finding was false does not state a due process claim. Courts have set forth the following legal standards for such a claim:

> [A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.

*Muhammad v. Rubia*, No. 3:08-cv-03209-JSW, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) (citations omitted); *Harper v. Costa*, No. Civ. S-07-2149-LKK-DA- P, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), *aff'd*, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."); *Ellis v. Foulk,* No. 14-CV-0802 AC P, 2014 WL

4676530, at *3 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement as set forth in *Wolff v. McDonnell*.'") (citation omitted).

Accordingly, Plaintiff's claim that the RVR was false, by itself, is not sufficient to state a constitutional claim for a violation of due process.

## IV. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal is appropriate.

## V.     CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

\\\
\\\
\\\
\\\
\\\
\\\

1  Plaintiff is advised that failure to file objections within the specified time may result in
2  the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)
3  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 9, 2025**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE