UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOPEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01295-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND GRANTING PLAINTIFF AN EXTENSION TO RESPOND TO THE COURT'S FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 15). |

Plaintiff Christopher Harris is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 1, 2025, the Court screened Plaintiff's first amended complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 13). After Plaintiff failed to respond to the screening order, the Court issued findings and recommendations on December 9, 2025, recommending that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order. (ECF No. 14).

Now before the Court is Plaintiff's motion for the appointment of pro bono counsel and request for an extension of time to respond to the findings and recommendations until counsel is appointed. (ECF No. 15). In support, Plaintiff states that he is in administrative segregation and does not have access to the law library or a legal advisor and he needs assistance to respond to the findings and recommendations. He states that he will be in administrative segregation

1

until May 2026.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of counsel. The Court has reviewed the record in this case and is unable to conclude that Plaintiff is likely to succeed on the merits of his claims; notably, the findings and recommendations explain in detail why Plaintiff is unable to state a claim for First Amendment retaliation or for violation of his due process rights. (ECF No. 14). Moreover, it appears that Plaintiff can adequately articulate why he is attempting to bring a claim.  Moreover, the Court has provided him the relevant legal standards to review.

Accordingly, IT IS ORDERED that Plaintiff's motion to appoint counsel is denied. (ECF No. 15). However, the Court grants Plaintiff an extension to February 9, 2026, to respond to the findings and recommendation.
IT IS SO ORDERED.

Dated:   **January 7, 2026**                   /s/ *Erica P. Groja*

UNITED STATES MAGISTRATE JUDGE

2